UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ENGEPER AMERICA**
**CORPORATION**
**D/B/A ACE GRANITE,**

          **Plaintiff,**

**v.**                                     **Case No: 6:24-cv-710-PGB-LHP**

**OHIO SECURITY INSURANCE**
**COMPANY,**

          **Defendant.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff Engeper America Corporation's ("**Plaintiff**") Opposed Motion for Remand (Doc. 15 (the "**Motion**")) and Defendant Ohio Security Insurance Company's ("**Defendant**") response in opposition (Doc. 19 (the "**Response**")). Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

Plaintiff's main business is the sale of marble slabs. (Doc. 1-5). In June 2022, Plaintiff discovered missing slabs and money unaccounted for at its Jacksonville location (the "**loss**"). (*Id.* ¶ 5). Plaintiff alleges that its employee stole the slabs and money. (*Id.* ¶¶ 6–8). At the time of loss, Plaintiff had an insurance policy (the "**Policy**") with Defendant, which included the Employee Dishonesty Coverage. (*Id.* ¶ 10). Under the Employee Dishonesty Coverage, the Policy's limit for one

occurrence is $50,000. (Doc. 1-3; Doc. 15, p. 2). Consequently, Plaintiff filed a claim with Defendant for the loss at issue. (Doc. 1-5, ¶¶ 12–13). In support of its claim, Plaintiff submitted a Sworn Proof of Loss, which listed the amount of loss as $251, 848. 76. (Doc. 1-4 (the "**Sworn Proof of Loss**")). According to Defendant, it paid Plaintiff $50,000 for the claim.[1] (Doc. 1, ¶ 12; Doc. 19, p. 7).

Nonetheless, on March 12, 2024, Plaintiff filed the Complaint in state court asserting a sole cause of action for breach of contract and seeking damages "over [] $50,000, exclusive of interest, costs, and attorney fees." (Doc. 1-5 (the "**Complaint**")). Then, on April 16, 2024, Defendant timely removed the case to this Court based on diversity jurisdiction.[2] (Doc. 1 (the "**Notice of Removal**")). Now, Plaintiff moves to remand on the ground that Defendant fails to prove that the amount in controversy exceeds the jurisdictional threshold. (Doc. 15). Defendant responded in opposition, and the matter is now ripe for review. (Doc. 19).

## II.   STANDARD OF REVIEW

28 U.S.C. § 1441(a) allows a defendant to remove a civil action from state court to federal district court where the basis for the underlying claim is federal

---

[1] In its Motion, Plaintiff does not dispute that Defendant paid Plaintiff $50,000 for its claim. (*See* Doc. 15).

[2] The parties do not dispute that complete diversity of citizenship exists between them. (Docs. 1, 15, 19). For purposes of diversity jurisdiction, Plaintiff is a citizen of Florida and Defendant is a citizen of New Hampshire and Massachusetts. (Doc. 1, ¶¶ 8–9); 28 U.S.C. § 1332(c)(1).

question jurisdiction or diversity jurisdiction. *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018).

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). If the plaintiff does not plead a specific amount of damages, the removing defendant bears the burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208–09 (11th Cir. 2007); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Likewise, when a "plaintiff contests [a] defendant's [alleged] amount in controversy . . . the district court must find 'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). That said, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Beyond the face of the complaint, a district court may consider the defendant's notice of removal and other relevant evidence submitted by the parties to determine the amount in controversy. *Id.* at 755. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

3

### III. DISCUSSION

In the Complaint, Plaintiff alleged damages over $50,000, exclusive of interest, costs, and attorney fees. (Doc. 1-5, ¶ 1). Thus, Plaintiff failed to plead a specific amount of damages, and consequently, Defendant bears the burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence. *See Lowery*, 483 F.3d at 1208–09; *McCormick*, 293 F.3d at 1257.

In satisfying this burden, Defendant largely relies on Plaintiff's Sworn Proof of Loss and related documents. (*See* Docs. 19, 1-4, 19-1). Plaintiff's Sworn Proof of Loss lists the amount of loss as $251, 848. 76. (Doc. 1-4). Defendant corroborates this amount by providing documents that Plaintiff submitted to Defendant "showing the specific itemization and cost of each missing slab at the Jacksonville location." (Doc. 19, pp. 2–3, 6; Doc. 19-1). However, in its Notice of Removal and Response, Defendant states that it already paid Plaintiff $50,000 for its claim, and thus, the amount in controversy is $201, 848.76. (Doc. 1, ¶¶ 12, 14; Doc. 19, p. 6).

In its Motion, Plaintiff states that it solely seeks damages under the Employee Dishonesty Coverage of the Policy, which is limited to $50,000, and "[a]s such, it is of no import whether the value of the claim may exceed the policy limits because [Defendant] is only liable up to that limit." (Doc. 15, pp. 3–4). Ultimately, Plaintiff's Motion centers on the premise that the Policy's limit determines the amount in controversy. (*See* Doc. 15).

First, as to Defendant's burden, the Court finds that the Sworn Proof of Loss and related documents corroborating the amount weigh heavily on the Court's

4

finding. (Doc. 1-4; Doc. 19-1). In its Notice of Removal, Defendant attached the Sworn Proof of Loss, which was signed by Plaintiff on November 14, 2022. (Doc. 1-5). Then, in its Response, Defendant corroborated the Sworn Proof of Loss with relevant documents itemizing the amount. (Doc. 19-1). Notably, Plaintiff does not dispute the veracity of this evidence. (*See* Doc. 15); *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (affirming district court's denial of motion to remand where plaintiff failed to present evidence to contradict defendant's damages calculation and failed to deny that damages exceeded the jurisdictional amount). Ultimately, in considering Defendant's proffered evidence, the Court finds that Defendant has met its burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence. *See Pretka*, 608 F.3d at 751 (collecting cases) ("[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal.").

Second, the Court is not persuaded by Plaintiff's arguments regarding the Policy's limit. (*See* Doc. 15). Although Plaintiff asserts it is solely seeking damages under the Policy's Employee Dishonesty Coverage, the Complaint suggests otherwise. (Doc. 1-5, ¶ 1). In the Complaint, Plaintiff alleged damages "over" $50,000, exclusive of interest, costs, and attorney fees. (*Id.*). Had Plaintiff stated, "at most" $50,000 in damages, then the amount in controversy would be capped by the Policy's limit. (*Id.*); *cf. Henry v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-807-Orl-28, 2013 WL 5178518, at *2 (M.D. Fla. Sept. 13, 2013) (finding that the policy's limit controlled where the limit was $75,000, plaintiff alleged damages

5

over $15,000, and defendant stated that its liability was capped at $75,000). However, Plaintiff did not do so. (Doc. 1-5, ¶ 1).

Moreover, Defendant already paid Plaintiff $50,000 for its claim.[3] (Doc. 1, ¶ 12; Doc. 19, p. 3). Thus, if Plaintiff believes that Defendant's liability is capped at $50,000, then Plaintiff's alleged damages would be $0. (Doc. 15, pp. 3–4; Doc. 19, p. 7). It appears to the Court that Plaintiff is suing Defendant based on the loss at issue, which amounts to $251,848.76, as indicated by the Sworn Proof of Loss. (Doc. 1-5, ¶¶ 18–21; Doc. 1-4). However, the total amount sought is $201,848.76 after deducting the $50,000 Defendant already paid to Plaintiff. (Doc. 1, ¶¶ 11–12); *see Pretka*, 608 F.3d at 751 (citation omitted) (noting that the amount-in-controversy should be determined based on the actual amount at issue, not how much the plaintiff is ultimately likely to recover). Accordingly, the sum of $201,848.76 exceeds the jurisdictional threshold of $75,000. (Doc. 1, ¶ 14).

Thus, in considering Plaintiff's Complaint and Motion, as well as Defendant's Response and supporting evidence, the Court finds that the amount in controversy exceeds the jurisdictional threshold and remand is not warranted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Opposed Motion for Remand (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 23, 2024.

---

[3] The Court highlights that Plaintiff does not dispute, nor address, the fact that Defendant paid Plaintiff $50,000 for its claim. (*See* Doc. 15).

6

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties