# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ENGEPER AMERICA CORPORATION,

      Plaintiff,

v.                                        Case No:   6:24-cv-710-PGB-LHP

OHIO SECURITY INSURANCE COMPANY,

      Defendant

## ORDER

Before the Court is Defendant Ohio Security Insurance Company's Motion to Compel Plaintiff's Responses to Written Discovery. Doc. No. 26. According to the motion, Plaintiff has wholly failed to respond to Defendant's second set of interrogatories and second request for production (Doc. Nos. 26-1, 26-2), so Defendant seeks an Order compelling Plaintiff to respond, finding any objections waived, and awarding Defendant reasonable fees and expenses in bringing the motion. *Id.*

Plaintiff has not responded to the motion, and the time for doing so expired on February 18, 2025. *See* Doc. No. 18 ¶ 5 (providing that opposition briefing to a

discovery motion must be filed no later than five days after the motion).[1] Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds the motion well taken. Defendant's request for fees under Federal

---

[1] The Court notes that Defendant's motion slightly exceeds the word limitations set forth in the Standing Order on Discovery Motions. *See* Doc. No. 18 ¶ 2 (limiting discovery motions to 500 words). Given that the motion was otherwise filed in compliance, and for the sake of judicial efficiency, the Court has allowed the filing to stand. Going forward, however, the parties are cautioned that failure to comply with the Standing Order in full may result in the summary denial of the offending motion. The Court also notes that the word limitations set forth in the Standing Order include footnotes, introductory paragraphs, and prayers for relief. *See* Doc. No. 18 ¶ 2 (excluding only caption, signature block, and certifications from the word count).

Rule of Civil Procedure 37 is also well taken. Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the Rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1. Defendant Ohio Security Insurance Company's Motion to Compel Plaintiff's Responses to Written Discovery (Doc. No. 26) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this Order, Plaintiff shall serve on Defendant complete, sworn answers to Defendant's second set of interrogatories. *See* Doc. No. 26-1.

3. Within **fourteen (14) days** of the date of this Order, Plaintiff shall serve on Defendant all documents in its current possession, custody, or control responsive to Defendant's second request for production. *See* Doc. No. 26-2.

4. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

5. Within **fourteen (14) days** of the date of this Order, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendant for the filing of the present motion. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Defendant shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

6. **Failure to comply with this Order may result in further sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2025.

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties